**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **RAMPART ALLSTARS, LLC** | * | **CIVIL ACTION NO.:** |
| | * | |
| | * | **JUDGE** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE** |
| | * | |
| **G6 AMERICAS PROPTECH LLC** | * | **JURY DEMAND** |
| **AND G6 HOSPITALITY** | * | |
| **INTERNATIONAL INC.** | * | |

************************************

**<u>COMPLAINT FOR DAMAGES</u>**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Rampart Allstars, LLC ("Rampart"), a Louisiana limited liability company, doing business in Louisiana, who asserts as follows:

**1.**

Rampart is a Louisiana limited liability company, whose members include ZHK Rampart, LLC and CIRE 300 Rampart, LLC. ZHK Rampart, LLC is a domestic limited liability company comprised of one member, Kupperman Companies, LLC, which consists of one member, Zachary Kupperman, who is domiciled in the State of Louisiana. CIRE 300 Rampart, LLC is a domestic limited liability company consisting of three members, ERG Investments, LLC, which consists of one member, Eric R. George, M.D., who is domiciled in the State of Louisiana, Guzman Cooper Investments, LLC, which is comprised of two members, Barrett Cooper and Alejandra Guzman, both of which are domiciled in the State of Louisiana, and Tony Lott, an individual domiciled in the State of Louisiana. Thus, for purposes of diversity jurisdiction, Rampart is considered a citizen of the State of Louisiana.

**2.**

Defendant, G6 AMERICAS PROPTECH LLC ("G6 Americas") is a Delaware limited liability company. Upon information and belief, G6 Americas is a citizen of Delaware for purposes of diversity jurisdiction.

**3.**

Defendant G6 Hospitality International Inc. ("G6 Hospitality") is a Delaware corporation authorized to do business in the State of Louisiana, with its principal place of business in Plano, Texas. Thus, for purposes of diversity jurisdiction, G6 Hospitality is a citizen of Delaware and Texas.

**4.**

This court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 as there is both diversity of citizenship amongst the parties and the amount demanded by Rampart exceeds $75,000, exclusive of interest and costs.

**5.**

Venue is proper in this district court as the property at issue is situated within the physical jurisdiction of the United States District Court for the Eastern District of Louisiana and the subject Lease Agreement was executed by Rampart in Louisiana.

**6.**

Rampart is the owner of commercial property located at municipal address 300 South Rampart Street, 1020 Gravier Street, New Orleans, Louisiana (the "Premises").

**7.**

On January 30, 2018, Rampart, as lessor, and Sonder USA, Inc., as lessee and G6 Americas' predecessor in interest, entered into a Commercial Lease Agreement ("Lease Agreement") covering the Premises. The term of the Lease Agreement was for ten years, commencing on January 30, 2018 and ending on January 30, 2028.

**8.**

The Lease Agreement between Rampart and Sonder was further amended on April 9, 2020 ("First Amendment to Lease Agreement"), February 27, 2024 ("Second Amendment to Lease Agreement"), and again on April 7, 2025 ("Third Amendment to Lease Agreement").

**9.**

Thereafter, Sonder and certain affiliated entities of Sonder filed voluntary petitions for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code in the United States District Court for the District of Delaware.

**10.**

Through that bankruptcy proceeding the Lease Agreement was sold at auction on January 7, 2026 to Prism Group, who in turn assigned the Lease Agreement to G6 Americas.

**11.**

Coextensive with G6 Americas' assumption of Sonder's obligations under the Lease Agreement and the amendments thereto, on February 6, 2026, G6 Hospitality entered into a "Guaranty of Lease" under which G6 Hospitality obligated itself to guarantee Tenant's compliance with and performance of all of Tenant's obligations set forth in the Lease. Pursuant to this Guaranty, G6 Hospitality "absolutely, unconditionally, and irrevocably guarantee[d] to Landlord the full and faithful performance and observance of all obligations to be performed and observed by Tenant under the Lease, including, without limitation, the prompt and punctual payment of . . .

all rent, additional rent and other charges, costs and expenses . . . which shall at any time be or become payable by Tenant under the Lease and any amendments, modifications, or renewals thereof . . . .

**12.**

This Guaranty of Lease agreement further provides that if the Tenant shall at any time default in the payment of any such Rent or other sums and charges payable with respect to the Premises, G6 Hospitality shall pay all such sums, and G6 Hospitality shall pay all reasonable attorneys' fees and related disbursements incurred by Landlord resulting from any such default and/or the enforcement of the Guaranty of Lease agreement.

**13.**

Under the terms and provisions of the Fourth Amendment to the Lease Agreement, dated February 6, 2026, G6 Americas agreed to pay Rampart $33,413.23 per month in base rent for the first year of the lease, with an annual increase in the overall monthly base rental payments through the end of the term (referred to as "Exhibit B Fixed Rent Schedule").

**14.**

In the event G6 Americas did not timely remit its monthly rent payment, if payment is not remitted within five days, G6 Americas would be assessed a late fee of $200 per day for each day the delinquent Rent remained unpaid.

**15.**

The Lease Agreement further provides that G6 Americas' failure to pay when due any installment of rent and the failure continues for five (5) days after written notice shall constitute an "Event of Default" of the provisions of the Lease Agreement, even if no notice is provided.

**16.**

The Lease Agreement further provides that in the event of such a default, Rampart may accelerate and sue for the entire balance of the unpaid rent for the remainder of the then current term, without terminating the Lease Agreement.

**17.**

On August 1, 2026, G6 Americas, as Tenant for the Premises, failed to pay its monthly rent due.

**18.**

As a result of G6 Americas' failure to pay the agreed upon monthly rental payment for August of 2026, Rampart sent correspondence to G6 Americas on August 19, 2026 notifying it of the Default under the Lease Agreement. This correspondence sought immediate payment from G6 Americas of its August rent, and further notified G6 Americas of the forfeiture of its $25,000 security deposit under the Lease Agreement (with request for immediate replenishment in accordance with the terms of the Lease Agreement) and advised G6 Americas of the accrual of late fees as a result of its nonpayment.

**19.**

After G6 Americas was provided with notice of its default under the Lease Agreement, G6 Americas remitted the base August Rent due to Rampart in accordance with the Lease Agreement, but failed to pay any of the late fees accrued under the terms of the Lease Agreement.

**20.**

G6 Americas has failed to pay its monthly Rents due on September 1, 2026 and October 1, 2026 in accordance with the Lease Agreement.

**21.**

Rampart is thus entitled and seeks to enforce the Lease Agreement and apprise itself of the remedies afforded to it under the Lease Agreement and its Amendments, and specifically demands the entire balance of the unpaid rent for the remainder of the current Lease term, through December 31, 2031. Excluding the accumulation of any late fees, the remaining base rent payments through the completion of that term of the Lease Agreement ending December 31, 2031 totals $4,565,368.91.

**22.**

Section 22(l) of the Lease Agreement provides that if "If Landlord or Tenant shall prevail in any court proceeding to enforce any term, covenant or condition hereof, the non-prevailing party, as determined by the court, shall promptly reimburse the prevailing party upon demand for the cost thereof and reasonable attorneys' fees incurred on account of any such proceeding."

**23.**

Pursuant to 22(l) of the Lease Agreement, Rampart seeks from G6 all its costs and attorneys fees incurred associated with this proceeding.

**WHEREFORE**, Plaintiff Rampart Allstars, LLC prays that Defendants, G6 Americas Proptech LLC and G6 Hospitality International, Inc. be served with a certified copy of this Complaint and be duly cited to appear and answer the same, and that after all proceedings are had, that there be judgment in favor of Plaintiff, Rampart Allstars, LLC and against Defendants, G6 Americas Proptech LLC and G6 Hospitality International, Inc., enforcing the Lease Agreement and all amendments thereto for:

(1) Immediate acceleration of all rental payments due under the Lease Agreement from September 1, 2026 through December 31, 2031, totaling $4,565,368.91;

(2) All late fees incurred pursuant to the Lease Agreement as a consequence of G6 Americas' Default;

(3) Replenishment of the $25,000 security deposit contemplated under the Lease Agreement;

(4) An award of attorney's fees and for all costs of these proceedings; and

(5) All such other and further legal and equitable relief as the Court shall deem necessary and proper.

Respectfully submitted,

*/s/ Jared A. Davidson*

Jared A. Davidson, La. Bar No. 32419
jdavidson@twepdlaw.com
Nicholas A. Hart, La. Bar No. 40809
nhart@twpdlaw.com
TAYLOR WELLONS POLITZ & DUHE, LLC
1555 Poydras Street, Suite 2000
New Orleans, Louisiana 70112
Telephone: (504) 525-9888
Facsimile: (504) 525-9899

***Attorneys for Rampart Allstars, LLC***